UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF THE BRICKLAYERS
PENSION TRUST FUND, et al.,				CASE NO. 07-15146

    Plaintiff,					HON. VICTORIA A. ROBERTS

v.

DIPONIO CONSTRUCTION CO., INC., et al

    Defendants.
_____/

ORDER

**A.    INTRODUCTION**

This matter is before the Court on Defendants' Emergency Motion to Enjoin Plaintiffs' Counsel from Directly Contacting Defendants' Employees, filed October 9, 2008 (Doc. #30). Plaintiffs filed a Response on October 9, 2008. Defendants filed a Reply on October 10, 2008.

**B.    BACKGROUND**

Plaintiffs are the trustees of eight separate trust funds established under Section 302 of the Labor-Management Relations Act of 1947, 29 U.S.C. §186 and the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq. Defendants are in the building and construction industry. Plaintiffs filed this action alleging that Defendants failed to remit certain fringe benefit contributions due pursuant to collective bargaining agreements between the parties. Plaintiffs also say Defendants failed to submit its complete books and records for inspection and audit. Plaintiffs seek an audit

1

and payment of any indebtedness revealed by such audit.

During the course of this litigation, Amy Bachelder, an attorney with Sachs Waldman, PC, the law firm that represents Plaintiffs, contacted or attempted to contact several fringe benefit fund participants; the participants were identified because company representatives had previously paid fringe benefit contributions on the participants' behalf. (See Affidavit of Amy Bachelder). On September 30, 2008, Ms. Bachelder initiated a telephone call with Michael Sonnenfeld, a current employee, and spoke with him "regarding his employment, the kind of work performed by employees of DiPonio Cleaning Service, the relationship between DiPonio Cleaning Services and the payment of cash for work performed ." (See Affidavit of Amy Bachelder). On the same date, Ms. Bachelder left messages with the spouse of employee Terry Rook. (See Affidavit of Amy Bachelder). She also made telephone calls to other employees, but there was no answer; she did not speak with them or leave a voice mail message.

Thereafter, Defendants filed this Emergency Motion seeking an injunctive order prohibiting Plaintiffs' counsel from directly or indirectly contacting employees of Defendants, unless such contact is through counsel. Defendants say the conduct of Plaintiffs' counsel violates Michigan Rule of Professional Conduct 4.2. Plaintiffs say their contact of fringe benefit participants, who are non-managerial employees, does not violate MRPC 4.2. Plaintiffs contend that Defendants brought this Motion merely to harass, cause unnecessary delay and needlessly increase litigation costs.

**C.    CASE LAW AND ANALYSIS**

Trial courts are been vested with broad discretion to monitor the conduct of those permitted to practice before them. *Contracting & Material Co. v. The Steel Co. Of*

*Canada,* 1981 U.S. Dist. Lexis 11700 (E.D. MI Apr. 15, 1981); *United States v. Dinitz*, 538 F.2d 1214, 1219 (5th Cir. 1976). Federal law governs the conduct of attorneys in the federal courts. Generally, that law is embodied in the local rules of each court." *Polycast Technology Corp. v. Uniroyal, Inc.*, 129 F.R.D. 621, 626 (S.D.N.Y. 1990). The Local Rules of the United States District Court for the Eastern District of Michigan provide that the rules governing standards for professional conduct in this district are those which violate the Rules of Professional Conduct adopted by the Michigan Supreme Court. E.D. Mich. LR 111(d)(2). Thus, attorneys who practice before this Court are governed by the Michigan Rules of Professional Conduct.

Michigan Rule of Professional Conduct 4.2 deals with communication with a person represented by counsel. That Rule reads:

> In representing a client, a lawyer shall not communicate about the subject of the representation with a party whom the lawyer knows to be represented in the matter by another lawyer, unless the lawyer has the consent of the other lawyer or is authorized by law to do so.

The purpose of Rule 4.2 is to preserve the efficacy and sanctity of the attorney-client relationship. Specifically, it is intended to prevent one party's attorney from exploiting the lack of legal knowledge of a momentarily uncounseled adverse party. *Hanntz v. Shiley, Inc.*, 766 F. Supp. 258, 265 (D.N.J. 1991); *Polycast Technology Corp. v. Uniroyal, Inc.*, 129 F.R.D. 621, 625 (S.D.N.Y.), aff'd, 1990 U.S. Dist. LEXIS 15382 (S.D.N.Y. Nov. 15, 1990).

Pursuant to the Comment to Rule 4.2, two general classes of individuals may not be contacted ex parte:

3

> 1. Persons having managerial responsibility on behalf of the organization;
>
> 2. Any other person:
> a. whose act or omission in connection with the matter may be imputed to the organization; or
> b. whose statement may constitute an admission of the organization.

The Comment to Rule 4.2, however, does not define a corporate party as any agent or employee of that corporation. Rather, it limits the use of the term "party" to three specific types of agents: (1) managerial employees, (2) employees whose act in the matter can be imputed to the organization, and (3) employees whose admission at trial would be binding on the organization.

Thus, if one party is an organization, the first level of inquiry is whether the person in question is an agent of that organization. If he is not, then he cannot be a party because he lacks any relevant connection to the organization which could reasonably place him in the role of a party. Only if a person is an agent of the organization need a court advance to the next level to determine whether that agent fits within the specific category of organizational agents to which Rule 4.2 is applicable. *Valassis v Samelson*, 143 F.R.D. 118, 123 (1992).

Applying the foregoing to this case, the Court concludes that Plaintiffs' counsel has not violated MRPC 4.2. Defendants have not established that any of the employees contacted or attempted to be contacted by Plaintiffs' counsel were managerial employees; neither the Motion, Brief or the affidavits submitted in support of Defendants' Motion identifies any contacted employee with managerial responsibility. In fact, it would appear that the contacted employees were non-managerial employees since they were listed on fringe benefit reports as members of the bargaining unit.

Moreover, Defendants have not established that the acts of any of the contacted employees could be imputed to Defendants or that any of their statements could constitute an admission of Defendants.  Ms. Bachelder's Affidavit indicates that she contacted the employees to determine if fringe benefit contributions were being properly paid by Defendants.  To that end, she actually spoke with one employee about his employment, the kind of work performed by Defendants, the relationship between two of the Defendants, and the payment of cash for work performed.  While the employees' answers to these questions could constitute refutable evidence, they could not be imputed to Defendants nor could they constitute admissions of Defendants unless the employees were one of the three types of agents specified in the Rule.  Defendants make no such showing.

Nonetheless, Defendants say that the telephone calls are disruptive and confusing to employees, resulting in loss of productivity, loss of morale and great concern.  Defendants ask the Court to assert its authority to control the conduct of counsel and issue an Order prohibiting Plaintiffs' counsel from all direct contact with Defendants' employees.  While the Court will not issue the Order requested by Defendants, the Court will issue an Order which outlines the parameters by which Plaintiffs' counsel may contact Defendants' employees or representatives.  Those parameters include:

1. Counsel must fully identify himself or herself to the employee, including the name of the law firm, the party he or she represents, and the nature of the litigation;

2. Counsel must inquire whether the employee is represented by counsel; no

5

counseled employees may be questioned without the consent of their attorney.

3. Counsel must advise the employee that he has the right to refuse to answer any questions;

4. Counsel must inquire into the employee's position and determine whether he has any managerial responsibility or other agency relationship with Defendants; no questions may be asked of managerial employees or agents;

5. Counsel must make telephone calls during reasonable hours, between 9:00 a.m. and 9:00 p.m., and may not make repeated phone calls to employees who do not answer or respond to messages.

**D.    CONCLUSION**

The Court **DENIES** Defendants' Motion.

**IT IS ORDERED.**


    s/Victoria A. Roberts
    Victoria A. Roberts
    United States District Judge

Dated:  October 22, 2008

---
The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on October 22, 2008.

s/Linda Vertriest
Deputy Clerk

---